(Reap. Dec. 8715)

NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

Entry No. W–01835.

(Decided December 11, 1956)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

DONLON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value of the merchandise at the time of exportation to the United States covered by the Appeal to Reappraisement enumerated above, with the exception of that merchandise ordered prior to March, 1950 consisting of Fur Monkeys purchased from Tagai Shoten of Tokyo and six cases of Pistol lighters Nos. 5253, 5254, 5205, 5206, 5207 and 5208 purchased from Kai Shoten of Tokyo, at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for export to the United States including costs of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the appraised value less additions made to meet the advances by the Appraiser in similar cases covering the non-dutiable so-called (F. O. B.) charges for inland freight, insurance premium, storage, hauling and lighterage added by the importer on entry.

IT IS FURTHER STIPULATED AND AGREED that there was no higher domestic value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeal to Reappraisement enumerated above may be submitted for decision on this stipulation.

Accepting this stipulation as a statement of fact, I find and hold that the export value, as defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for determination of value of the merchandise here involved, except that merchandise ordered prior to March 1950, consisting of fur monkeys purchased from Tagai Shoten of Tokyo, and six cases of pistol lighters Nos. 5253, 5254, 5205, 5206, 5207, and 5208 purchased from Kai Shoten of Tokyo, and that such values of the respective items of merchandise are the appraised values, less additions made to meet the advances by the appraiser in similar cases covering the nondutiable so-called (f. o. b.) charges for inland freight, insurance premium, storage, hauling, and lighterage.

The appeal, insofar as it relates to that merchandise ordered prior to March 1950, consisting of fur monkeys purchased from Tagai

Shoten of Tokyo, and 6 cases of pistol lighters Nos. 5253, 5254, 5205, 5206, 5207, and 5208 purchased from Kai Shoten of Tokyo is dismissed.

Judgment will be entered accordingly.